UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 06-312 (JR) |
| : | |
| CARLOS A. GREENE : | |
| : | |
| Defendant. : | |
| _____ : | |

## NOTICE OF FILING

The government requests that the attached discovery letter, dated November 8, 2006, without enclosures, be made part of the record in this case.

                              Respectfully submitted,

                              JEFFREY A. TAYLOR
                              United States Attorney
                              Bar No. 498610

By: _____
Perham Gorji
Assistant United States Attorney
Delaware Bar No. 3737
U.S. Attorney's Office
555 4th Street, N.W., Rm. 4233
Washington, D.C. 20530
(202) 353-8822

## Certificate of Service

    I hereby certify that a copy of the Notice of Filing and the attached discovery letter dated November 8, 2006, with enclosures, were served by hand, as requested by counsel of record for the defendant, Carlos Vanegas, Esquire, to the Fifth Floor Receptionist of the Federal Public Defender Office, attn: Carlos Vanegas, Esquire, 625 Indiana Avenue, NW, Suite 550, Washington, DC 20004, this __8th__ day of November, 2006.

                                                _____

                                              Assistant United States Attorney



**U.S. Department of Justice**

United States Attorney

*District of Columbia*

Judiciary Center

555 Fourth St. N.W.
Washington, D.C. 20001

November 8, 2006

Carlos Vanegas, Esquire
Federal Public Defender
625 Indiana Ave., N.W.
Suite 550
Washington, DC 20004
202-208-7500
carlos_vanegas@fd.org

           Re:     United States v. Carlos Greene
                       Case No. 06-312 (JR)

Dear Counsel:

      I am writing to provide you with certain information in response to your request for discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure, as well as a plea offer.

**I.     Charges**

      Your client is currently charged with the following offenses: Unlawful Possession with Intent to Distribute More than Five Grams of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii); Using, Carrying and Possessing A Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1); and Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1); Possession of a Gun on Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(1); Assaulting, Resisting, or Impeding Certain Officers or Employees, in violation of 18 U.S.C. § 111; Destruction of Government Property, in violation of 18 U.S.C. § 1361; and Fleeing a Law Enforcement Officer, in violation of 50 D.C. Code §2201.

      If your client agrees to plead guilty to Unlawful Possession with Intent to Distribute More than Five Grams of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii); Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1); Assaulting, Resisting, or Impeding Certain Officers or Employees, in violation of 18 U.S.C. § 111; and agrees to accept responsibility for pending D.C. Superior Court Case No. 2006CF2011812, the government will agree to:

1. dismiss the remaining charges at the time of sentencing;
2. dismiss D.C. Superior Court Case No. 2006CF2011812 in its entirety;
3. both parties mutually reserve the right to allocute as to whether your client should be incarcerated pending sentencing;
4. waive any applicable enhancement papers that might apply;
5. agree to recommend to the court a three level downward adjustment for acceptance of responsibility; and
6. reserve its right to allocute at the time of sentencing, but will agree not to oppose sentencing at the low end of the sentencing guideline range. The government nonetheless retains its full right to allocute and request any legal sentence following any probation or supervised release revocation proceeding.

This plea offer will expire after November 13, 2006. The government reserves the right to withdraw this plea offer at any time prior to acceptance. Please be advised that subsequent plea offers will be less favorable to your client.

## II. Discovery

### A. Documents

Copies of the following documents are enclosed with this letter:

- Indictment (4 pages)
- Complaint and Statement of Facts (2 pages)
- PD 163 (2 pages)
- Infraction #496515412 (1 page)
- PD 10 Accident Report (wall) (4 pages)
- PD 10 Accident Report (fence gate) (4 pages)
- Capitol Police PD 163A (4 pages)
- Capitol Police Event Report, PD 251 (3 pages)
- Arrest Report (3 pages)
- Request for Treatment Report (1 page)
- Statement (Officer Garisto) (1 page)
- Statement (Officer Weight) (1 page)
- Statement (John White) (1 page)
- Statement (Sgt. Cole) (1 page)
- Statement (Ofc. Martin) (2 pages)
- Statement (Jeffrey Fragala) (1 page)
- Statement (Alvin Greene) (1 page)
- Statement (Officer Salb) (1 page)
- Statement (Jason Bachman) (1 page)

- Statement (Sgt. Guthrie) (1 page)
- Statement (Sgt. Waters) (1 page)
- Statement (Sgt. Byrd) (1 page)
- Statement (Angela Singletary) (3 pages)
- Statement (Ofc. Poole) (1 page)
- PD 81 vehicle (2 pages)
- PD 81 gun, clothes (2 pages)
- PD 81 drugs (2 pages)
- DEA 7 drugs (1 page)
- Certificate of No Registration
- Certificate of No License
- Certificate of Firearms Examination (1 page)
- Certificate of Firearms Examination (1 page)
- Diagram (1 page)
- Miranda card (1 page)
- Statement from J.B.R. (1 page)
- Statement from A.B.C. (1 page)
- Statement from J.W.C. (1 page)
- Statement from P.A.E. (1 page)
- Translation from P.A.E. (2 pages)
- Statement from C.A.G. (1 page)
- Statement from K.C.G. (1 page)
- Statement from O.L.N. (1 page)
- Statement from A.V. (1 page)
- Translation from A.V. (1 page)
- Statement from S.A. (1 page)
- Statement from J.E.R. (1 page)
- Statement from C.L.M. (1 page)
- Statement from J.C.O.A. (1 page)
- Translation from J.C.O.A. (1 page)
- Statement from J.G.N. (1 page)
- Translation from J.G.N. (1 page)
- Statement from M.A.R. (1 page)
- Translation from M.A.R. (1 page)
- Statement from I.L. (2 pages)
- Statement from K.L. (1 page)
- Statement from A.D. (1 page)
- Damage Estimates (1 page)
- Pretrial Service Report (8 pages)
- Discharge Patient Instructions (1 page)
- Request for Treatment (1 page)
- Dept. of Defense Toxicology Report (1 page)
- AFIP Report (2 pages)

- D.C. Medical Examiner Report (1 page)
- Search Warrant Materials 1236 Cavendish Drive (13 pages)
- Search Warrant Materials Buick (11 pages)
- Search Warrant Seizure List (2 pages)
- Colored copies of photographs from scene (156 pages)
- CD Roms with video and audio from scene (3 discs)

**B.    Evidence**

    **1.    Physical Evidence**

At trial the government may seek to introduce the physical evidence that is described on the attached police reports and those items listed below. This evidence includes:

- Gun and ammunition
- drugs and packaging as indicated in the attached paperwork and completed laboratory analysis
- clothes
- Photographs of the scene, evidence and your client
- Diagrams or maps of the location where the incident occurred
- Items recovered during search warrant
- Video and audio from scene

    **2.    Radio Run Information**

_____    The government believes there are no recorded communications by law enforcement relevant to this case.

\_\_\_X\_\_\_    The government believes that there may be recorded communications relevant to this case. The recording will be provided consistent with the government's obligations under the <u>Jencks</u> Act. Should we determine that we may use the recorded communications as evidence at trial, we will provide you a copy of the tape after we receive it.

    **3.    Identification Evidence**

The government is not aware of any identification procedure used in this case.

    **4.    Inspection**

Upon request, you are entitled to inspect and copy or photograph certain books, papers, documents, photographs, tangible objects, buildings or places that are within the possession, custody or control of the government. *See* Fed R. Crim. P. 16(a)(1)(E). If you would like to view any of the evidence listed above or described on the attached police reports, please contact FBI SA Chey

Gibson, (202) 278-2189, who will make arrangements for you, or your certified investigator, to inspect the evidence. These arrangements will include a condition that you not raise any objection to the admissibility of such evidence at trial because of the break in the chain-of-custody occasioned by your inspection.

### 5. Reports of Examinations or Tests and Experts

Enclosed is the DEA 7 of the narcotics seized in this case. The government will provided you with a copy of the DEA analysis of the narcotics as soon as the report is received. At trial, the government will call the chemist to testify consistent with his report. **Should you not be willing to stipulate to the results of the DEA analysis, please let me know as soon as possible (in writing) so that there will be no trial delay**; I will then have to make arrangements for the chemist to testify.

The government intends to call a narcotics expert at trial. That expert may be Detective Anthony Washington, Detective Tyrone Thomas, or Sgt. John Brennan. Because of the large volume of narcotics cases set for trial, and because of the fact that the Metropolitan Police Department narcotics experts are on call for many different courtrooms at the same time, the government cannot determine at this time the identity of the expert.

The expert may testify -- by providing information or by rendering an opinion -- concerning the following:

(a) the procedures used by the Metropolitan Police Department for handling narcotics evidence and for safeguarding the chain of custody and integrity of the evidence in narcotics cases.

(b) the quantitative and qualitative analysis of the narcotics evidence by the DEA and the strength of the substance.

(c) the methods of using and purchasing narcotics in the District of Columbia, including but not limited to: the reasons for such methods; the cost (price) of narcotics, both wholesale and retail; the common dosage of, usable and measurable amounts, and strength of narcotics; packaging materials, cutting agents, scales, and paraphernalia for using drugs; the use of stashes, and methods used to avoid detection of narcotics.

(d) the methods for processing, packaging, selling, transferring and trafficking narcotics in the District of Columbia, including but not limited to the roles of different participants in drug trafficking schemes.

(e) that beepers, pagers, cellular phones, automobiles, stashes, stash houses, safe houses, crack houses, weapons, open air drug markets, couriers, ledgers, safes, and false identities are commonly used in the sale, transfer, processing and trafficking of narcotics in the District of Columbia and elsewhere.

  (f) that possession of narcotics for use can be distinguished from possession of narcotics with intent to distribute, and that, for a variety of reasons, possession of numerous individually packaged narcotics, or possession of fewer packages but accompanied by other indicia of sale, is generally more consistent with an intent to distribute than with mere possession for personal use.

The expert will base his/her opinions on the foregoing on his/her years of training and experience in the area of drug investigations.

  The qualifications of the expert witnesses, Detectives Washington and Thomas, and Sgt. Brennan include, but are not limited to, the following:

- Detective Washington has been a police officer for more than 17 years. In September 1988 Detective Washington was assigned to the Fourth District vice unit as a narcotics investigator. In March 1990 Washington was assigned to the Narcotic Special Investigation Division as a narcotics detective. In November 1992 Washington was detailed to the United States Department of Justice, Drug Enforcement Administration as a Task Force Officer, where he remained until January 7, 2000. Detective Washington has served as a Superior Court Resident Narcotics Expert since January 7, 2000, and has testified many times.

- Detective Thomas has been a police officer for about 30 years. From 1971 through 1977 Detective Thomas worked undercover purchasing street level and wholesale amounts of illicit narcotics. From 1977 through 1982 Thomas was detailed to the DEA. From 1982 to 1987 Detective Thomas was assigned to the NSID. From 1987 to 1992 Thomas was assigned to the DEA Task Force, handling major narcotics investigations. From 1992 to 1997 Detective Thomas was assigned to the Major Narcotics Branch, overseeing major narcotics investigations. From 1997 to 1998 Thomas was detailed to the Homicide Project. From 1998 until his present assignment, Detective Thomas was detailed to the DEA Intelligence Group. Detective Thomas has testified in over 600 narcotics related cases as an expert witness in a variety of state and federal courts. Detective Thomas has served as a Superior Court Resident Narcotics Expert since the fall of 2000, and has testified several times.

- Sgt. Brennan has been qualified to testify as an expert in Superior Court of the District of Columbia, and in U.S. District Court on numerous occasions. I am unable to provide you with a resume for Sgt. Brennan. However, you may contact him at (202) 439-1573. Sgt. Brennan will be more than willing to discuss his credentials with you.

  Apart from their broad and varied work experiences, Detective Washington, Detective

Thomas, and Sgt. Brennan have been trained at the Police Academy and have received ongoing education and training by various local and federal law enforcement agencies (including MPD, FBI, DEA, DOJ, and ATF) in areas including, but not limited to: narcotics surveillance; manufacture of narcotics; the use, sale, packaging, and distribution of narcotics in the District of Columbia; drug identification; weights and measures of narcotics; surveillance techniques; constitutional law issues involved in the search and seizure of criminal suspects and their belongings; conduct and operation of the Mid-Atlantic DEA Laboratory; chain of custody procedures; the safeguarding of narcotics evidence; investigative techniques; the relationship between firearms and drug trafficking; and the execution of observations posts and undercover operations.  In addition, Detective Washington, Detective Thomas, and Sgt. Brennan have trained and instructed others, including police recruits and experienced officers, as well as members of the defense bar in the District of Columbia, in many of the areas listed above.

Detective Washington, Detective Thomas, and Sgt. Brennan are familiar with the packaging, use, distribution, cost, and availability of narcotic substances.  They have also kept abreast of developments in the narcotics trade by way of ongoing formal and informal education.  With respect to the latter, Detectives Washington and Thomas, and Sgt. Brennan have participated in actual surveillance and arrests, which have involved contact with the participants of narcotics trafficking, including informants, cooperating witnesses, and "special employees."

### C.    RULE 404(b) EVIDENCE (known at this time)

The government may seek to admit evidence pursuant to FRE 404(b).  In the event that the government seeks to introduce such evidence at trial an appropriate notice will be filed.

### D.    Defendant's Rule 16 Statements

Before apprehension, to civilian flag office employee Karen Livingston: Defendant grabbed her arms and said "I need a place to hide."

Outside the flag office, after handcuffed, before rights: Officer Michael Weight asked Greene if there were any explosives or dangerous items in the car to which defendant said no.

After his seizure, while cuffed but before rights, not in response to questioning: Defendant said that he was scared and being chased by evil. He said the evil was his cousin Keith or Kevin Greene (presumably the one who lent him the SUV).  He told Weight the dome would protect him.

At the hospital, the defendant told Officer Hacker his name was Keith Greene.

If the government becomes aware of additional statements made by the defendant you will be notified in writing.

### E.    Criminal Record

Please refer to the Pretrial Services Report enclosed herein for information about your client's record. I will notify you in writing if the government learns of any additional convictions.

### F.  Government's Discovery Requests

The government hereby makes a reverse discovery request pursuant to Fed. R. Crim. P. 16(b), including, but not limited to the following:

- notice of documents and tangible objects the defendant expects to introduce;

- a <u>Jencks</u> request for all prior statements of any defense witness (excluding the defendant);

- a <u>Lewis</u> request (for which we request the name, date of birth, sex, and social security number of each defense witness prior to trial); and

- a request for information pertaining to any expert or scientific testimony or evidence;

Pursuant to Fed. R. Crim. P. 16, we note our continuing request to receive any material pursuant to Rule 16(b) as the case proceeds.

### G.  Alibi Demand

The government makes an alibi demand pursuant to Fed R. Crim. P. 12.1. In accord with Rule 12.1, the government hereby notifies you that the time, date and place of the offense are indicated on the accompanying police paperwork. Pursuant to Rule 12.1, in the event you intend to offer an alibi defense, please direct the appropriate notice to the assigned AUSA within ten days.

### H.  Other Information (<u>Brady</u> / <u>Lewis</u> / <u>Giglio</u>)

The government is unaware of any <u>Brady</u> or <u>Giglio</u> information, but is aware of its continuing duty to disclose such information should it become known. Lewis information for the government's witnesses will be provided to you at the time of trial.

## III. Contact Information

If you have any questions about the information provided above, you may contact me by telephone, fax, mail, or e-mail.

Perham Gorji
Office of the United States Attorney

Federal Major Crimes Section
Room 4233
555 Fourth Street, N.W.
Washington, D.C.  20530

Office:      202-353-8822
Fax:         202-616-3782
E-mail:      perham.gorji@usdoj.gov

    If you file any pleading in this case, please note that our zip code has changed recently to 20530.  Also, please fax any pleadings or correspondence so that we may be assured receipt of the document.

                                        Sincerely,

                                        JEFFREY A. TAYLOR
                                      United States Attorney


                         By:

                                      PERHAM GORJI
                                      Assistant United States Attorney


cc: District Court Case File (without attachments)