UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal Case No. 06-312 (JR) |
| | : | |
| v. | : | |
| | : | |
| **CARLOS A. GREENE,** | : | |
| | : | |
| Defendant. | : | |
| | : | Sentencing Date: September 27, 2007 |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following memorandum to assist the Court in issuing an appropriate sentence in this case.

1.      Pursuant to a plea agreement, the defendant pleaded guilty on July 19, 2007, to Simple Possession of 5 Grams or More of Cocaine Base, in violation of Title 21 U.S.C. Section 844(a), Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. Sections 922(g)(1) and 924(a)(2), and Assaulting, Resisting, or Impeding Certain Officers or Employees, in violation of Title 18 U.S.C. Section 111(a)(1).

2.      Based upon a total offense level of 25, and the defendant's criminal history category of IV, the guideline range for imprisonment is 84 to 105 months.[1] Additionally, the minimum term of imprisonment for Simple Possession of 5 Grams or More of Cocaine Base is 5 years.

3.      The defendant is twenty-one years-old, with four prior juvenile convictions and two

---

[1] This offense level takes into account that the defendant will presumably receive a three-point downward adjustment for having taken responsibility for his criminal conduct. In addition, the Government hereby moves to dismiss the Indictment in U.S. District Court Case No. 06-312, and the Government will move forthwith to dismiss D.C. Superior Court Case No. 2006CF2011812 against the defendant in its entirety.

prior adult criminal convictions. In fact, the defendant committed the instant offense while on supervised release in D.C. Superior Court Case No. F-6383-04 (Fleeing Law Enforcement Officers). In that case, the defendant was released from custody on July 21, 2006 – after his probation was revoked – which is less than two months before the defendant committed the crimes for which he now stands before the Court facing sentencing.

4. Specifically, the defendant acknowledged certain relevant criminal conduct by signing a factual proffer at the time of his July 19, 2007, guilty plea. The defendant admitted that, on the morning of September 18, 2006, he drove an SUV through a United States Capitol Police security checkpoint in Northeast, Washington, D.C. without authorization and without stopping. The defendant continued driving the SUV towards the United States Capitol building – striking a United States Capitol Police vehicle occupied by a Capitol Police officer, hitting a fenced gate and two pillars, and crashing the SUV into a stone wall – before he bailed out of the SUV and began running up the steps towards the Capitol Rotunda.

The defendant then entered the Capitol building, bypassing security and ignoring orders to stop. He proceeded through the Capitol building until he was finally stopped outside of the "Flag Office" by a civilian employee. Capitol Police officers arrived on the scene and attempted to apprehend the defendant, but he struggled with the officers and resisted arrest, at which time a small clear plastic bag containing fifteen brown rock-like substances fell from the defendant to the ground. These substances were later analyzed by the Drug Enforcement Administration and determined to be cocaine base, also known as crack, with a net weight of 9.9 grams and a concentration or purity of 76%. After the struggle, the officers were able to subdue the defendant and place him under arrest. A search incident to the defendant's arrest yielded a Davis Industries Derringer .22 caliber

pistol loaded with two rounds of .22 caliber ammunition in the defendant's pants pocket.

  5. Given the nature and circumstances of the defendant's criminal actions – in particular, the fact that those actions took place in and around the United States Capitol – as well as the lengthy criminal history and violent characteristics of this defendant, the government believes that a sentence within the guideline range for imprisonment of 84 to 105 months is appropriate in this case. A consideration of the sentencing factors enumerated in Title 18 U.S.C. Section 3553 makes clear that a guideline sentence in this case would reflect the seriousness of the offenses committed – possession of a significant amount of crack cocaine and a loaded handgun, in addition to the defendant's lengthy and violent struggle with the United States Capitol Police officers. A guideline sentence would also both afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, factors that are of particular import when that criminal conduct occurs, as it did in the case at bar, in and around the United States Capitol. Finally, an 84 to 105 month period of incarceration would provide the defendant – who acknowledged in his August 13, 2007, letter to the United States Probation Office that he had a "drug problem" and that "[i]f he had known [he] had mental problems that required [him] to take medication . . . [he] probably would have been taking them and never would have ended up here" – with needed medical care or other correctional treatment in the most effective manner.

6. For all of the above reasons, the Government respectfully requests that the Court impose upon the defendant a sentence within the guideline range for imprisonment of 84 to 105 months.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        UNITED STATES ATTORNEY
        D.C. BAR NO.  498-610


        AARON H. MENDELSOHN
        ASSISTANT UNITED STATES ATTORNEY
        D.C. BAR NO. 467-570
        FEDERAL MAJOR CRIMES SECTION
        (202) 514-9519


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Government's Memorandum in Aid of Sentencing has been served upon counsel for the defendant, Brian McDaniel, Esquire, 1211 Connecticut Avenue, N.W., Washington, D.C. 20036, this 18th day of September, 2007.

        AARON H. MENDELSOHN
        ASSISTANT UNITED STATES ATTORNEY