IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | Cr. Case No.:CR-06-312-01 |
| CARLOS GREENE ) | Sentencing November 8, 2007 |
| ) | The Hon. Judge Robertson |
| Defendant, ) | |
| _____) | |

### DEFENDANT'S SENTENCING BRIEF AND POSITION OF THE DEFENDANT WITH RESPECT TO SENTENCING FACTORS

The defendant, through counsel, respectfully represents that he has reviewed the Pre-sentence Report (PSR) and , in accordance with 18 U.S.C. § 3553(a) and the remedial scheme set forth in *United States v. Booker*, 125 S.Ct. 738(2005), and *United States v. Hughes*, 401 F.3d 540 (4th Cir. 2005), presents this Brief and Position of the Defendant with Respect to Sentencing Factors to aid the Court in determining an appropriate sentence.

**I.     Factual Additions and Corrections to the PSR.**

Having received a copy of the at issue pre-sentence report, the defendant along with counsel has reviewed it's contents and have not identified any material inaccuracies.

**II.    18 U.S.C. § 3553(a) Factors to Be Considered in Imposing a Sentence**

   **1.     The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant.**

Here Mr. Greene has admitted the simple possession of 9.9 grams of cocaine base September 18, 2006. In addition and as noted by the PSR Mr. Greene also accepted responsibility for and pled guilty to the unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one

year and assaulting, resisting or impeding certain. This case does not present with the more egregious profile of multi-kilogram deliveries or possessions for the purpose of wealth building. It is complicated however, by the psychological presentment at the time of the offense of the defendant as well as his continued battle with historical psychiatric problems.

2. **The Need for a Sentence.**

    A. **Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense**

The offense is serious, certainly. However, in the milieu of drug offenses the Court must recognize that its scale is often dwarfed by other cases that regularly come before the Court. In the era of Guidelines sentencing the time given citizens took on almost unreal and unbelievable dimensions. Prosecutors, defense attorneys, probation officers and the Court were compelled to discuss, almost casually, decades of a defendant's life lost to him and his family. Should the Court determine to impose a sentence even well below the advisory guideline range, the sentence still will effectively reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.

    B. **The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct.**

When counsel met with the defendant to discuss the present report, there was no question but that the seriousness of the offense was apparent to him. Nor was there any question then, or now, that this experience impresses the defendant with a healthy respect for and the need to conduct oneself within the bounds of the law. This, especially in light

of the lengthy period of incarceration that the defendant was exposed to prior to the negotiation of the plea in this matter. The defendant's choices have placed his liberty interests in harms way for the significant future. The sentence that he is currently pending may contribute tangentially to the promotion of deterrence to criminal conduct. The defendant's arrest and subsequent experiences leading up to the day of sentencing have already, and effectively, achieved the goal of promoting deterrence to the further criminal conduct of the defendant.

   C. **The Need for the Sentence Imposed to Protect the Public from Further Crimes of the Defendant.**

  The defendant will turn 22 on November 18, 2007. The pre-sentence report at page 18 paragraph 87 outlines the mental and emotional health history of Mr. Greene. It is apparent that Mr. Greene has battled a long existing yet recently diagnosed battle with mental health. The actions which have given rise to this conviction as well as the well documented criminal history of Mr. Greene were contributed to in large part by his "Major Depressive Disorder, Psychotic Disorder [and the] Phencyclidine-Induced Psychotic Disorder". The Mental disorders outlined above were only exacerbated by Mr. Greene's self medication with some of the most destructive illegal drugs which one could ingest. This has been an extremely sobering experience for the defendant which will likely result in a lengthy period of incarceration. We are also hopeful that the period of incarceration gives this court and the defendant an opportunity to develop a treatment plan of action which will give the defendant every opportunity to create mechanisms by which he can effectively address his mental health issues. It is counsel's belief that this defendant, upon his release, will not be a participant in the rampant recidivism that is too often seen.

        **D.** **The Need for the Sentence Imposed to Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner.**

The defendant, as noted in the PSR, has endured a long battle with drug addiction. Counsel is requesting that this court recommend the defendants participation in the 500 hour drug treatment program in an effort to address the aforementioned issues. Whatever period of confinement the defendant must serve truly will be time lost to him and his family that could be better spent in the community.

    **3.** **The Kinds of Sentence Available.**

This court is maintains the discretion to sentence the defendant to a period of incarceration which is reasonable considering the charged conduct as well as the personal history of the defendant. It is of note that the U.S.S.G. are no longer mandatory but are advisory and should be considered by this court in fashioning a reasonable sentence.

    **4.** **The Guidelines Sentencing Range.**

        **A.** **Factors and Facts in Dispute.**

None.

    **5.** **Pertinent Policy Statement Issued by the Sentencing Commission.**

None.

    **6.** **The Need to Avoid Unwarranted Sentence Disparities among Defendants with Similar Records who Have Been Found Guilty of Similar Conduct.**

None.

    **7.** **The Need to Provide Restitution to Any Victims of the Offense.**

None.

**III.** **Placement.**

The defendant respectfully asks that the Court recommend to the Bureau of Prisons that the defendant be placed in the Correctional facility in Loretto, PA.

**IV.    Costs and Fine.**

The defendant is indigent. The defendant, by counsel, respectfully asks the Court waive any costs or fine it otherwise might impose.

Respectfully Submitted,

_____/s/_____
Brian K. McDaniel
McDaniel & Asso. P.A.
1211 Connecticut Ave. N.W.
Suite 506
Washington, D.C. 20036
Telephone (202) 331 – 0793
Brianmac1911@aol.com

**CERTIFICATE OF MAILING**

I hereby certify that on this 5th day of November, 2007, a copy of the foregoing U.S.C. 18 §3553 Memorandum in Aid of Sentencing was sent by facsimile: Mr. Aaron Mendelsohn, Esq. 555 4th Street N.W. Washington, D.C. 20530.

_____/s/_____
Brian K. McDaniel