UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>CARLOS GREENE, )<br>)<br>Defendant. )<br>) | Criminal No. 06-312 (RCL)<br><br>**FILED**<br><br>NOV 1 5 2011<br><br>Clerk, U.S. District & Bankruptcy<br>Courts for the District of Columbia |

## MEMORANDUM

Before the Court is defendant Carlos Greene's Motion to Reduce Sentence [48] under 18 U.S.C. § 3582(c)(2) based on Amendment 750 to the United States Sentencing Guidelines. Upon consideration of the motion, the government's response thereto [50], the defendant's reply [52], the memoranda of the United States Probation Office [51] [53], the government's supplement [54], the defendant's response [55], and the entire record herein, the motion will be granted.

### I. BACKGROUND

Defendant pled guilty on July 19, 2007, to possessing five grams or more of cocaine base (crack) in violation of 21 U.S.C. § 844(a), to possessing a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding a year in violation of 18 U.S.C. § 922(g)(1), and to assaulting, resisting or impeding certain officers or employees in violation of 18 U.S.C. § 111(a)(1).

According to the government's statement of the offense [21], the defendant drove an SUV through a United States Capitol Police security checkpoint without stopping at about 8:00 a.m. on September 18, 2006. The defendant drove toward the Capitol building, exited the

1

vehicle, and ran up the steps toward the Rotunda. He ignored security officials' orders to stop and entered the building. A civilian employee stopped the defendant outside the "Flag Office," at which point Capitol Police officers arrived. While the defendant resisted arrest, a clear plastic bag containing brown rock-like substances fell from defendant's person to the ground; the Drug Enforcement Agency later confirmed that the bag contained 9.9 grams of crack. After subduing the defendant, the officers placed him under arrest, finding a .22 caliber pistol loaded with two rounds of ammunition. The defendant was previously convicted in D.C. Superior Court of fleeing a law enforcement officer, which is punishable by over one year of imprisonment.

Judge James Robertson sentenced the defendant on November 8, 2007 to a 70 month term of imprisonment on each count, to run concurrently. Judge Robertson had calculated a total offense level of 23, resulting in a guideline range for a term of imprisonment of 70 to 87 months.

The United States Sentencing Commission promulgated a temporary amendment to the sentencing guidelines lowering the guideline ranges for crack offenses on October 15, 2010, and re-promulgated the amendment as permanent on April 6, 2011. U.S.S.G. App. C, Amend. 750 (Supp. 2011). The amendment became effective on November 1, 2011. The Commission voted to give that change retroactive effect on June 30, 2011. The defendant accordingly filed the instant motion to reduce his sentence pursuant to the amendment and to 18 U.S.C. § 3582(c)(2). Defendant asserts that the newly appropriate range is 27 to 33 months, based upon an offense level of 14. The Court agrees with this calculation.[1] The defendant's current release date is

---

[1] Defendant in his initial motion calculated a new offense level of 17. The government did not oppose that calculation. However, the United States Probation Office's initial memorandum calculated a new offense level of 19. Defendant in his reply asserted that the correct level is 13, and the Probation Office submitted a revised memorandum stipulating that the correct level is 14. The government concurs with that determination. The defendant now agrees that the correct level is 14. However, the parties disagree about how to calculate the offense level.

2

March 29, 2012. The defendant requests that the Court resentence him to a term of imprisonment of 33 months or, in the alternative, a term such that he is eligible for immediate release, *i.e.*, no longer than 65 months.

## II. DISCUSSION

A district court may modify a term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

---

The Court finds that an offense level of 14 applies. The defendant was convicted of three counts: simple possession of crack, unlawful possession of a firearm by a person convicted of a crime punishable by a term of imprisonment exceeding one year, and impeding certain officers or employees.

Following Amendment 750, the crack offense falls under §2D2.1(a)(1), which calls for a base offense level of eight.

The firearms offense falls under §2K2.1(a)(6)(A), which applies to defendants who are a "prohibited person" at the time of commission of the offense. The defendant falls under that category by virtue of his previous conviction in D.C. Superior Court for a felony punishable by a term of imprisonment exceeding one year. Accordingly, the base offense level for this offense is 14.

The obstruction offense falls under §2A2.4, which carries a base offense level of 10. Section 2A2.4(b)(1)(B) calls for an increase of 3 levels where the defendant possessed a dangerous weapon or firearm whose use was threatened. The adjusted offense level for this charge is thus 13.

Under §3D1.2(d), offenses covered by §§2D2.1, 2K2.1 and 2A2.4 are not automatically grouped as closely related. Furthermore, offenses covered by §§2D2.1 and 2A (except 2A3.5) are specifically excluded from grouping. Thus, the defendant's offenses cannot be grouped, and the total offense level is governed by §3D1.4. In the instant case, defendant's highest offense level is 14, for the firearms offense. This is increased by one unit for that offense; one unit for the obstruction offense, which is one level less serious; and one-half unit for the crack offense, which is six levels less serious. The offense level is correspondingly increased by two and a half units, or three levels, to 17.

Because the defendant accepted responsibility by pleading guilty, the defendant is eligible for a two-level decrease under §3E1.1(a), and a one-level decrease under §3E1.1(b). The defendant's final offense level is 14. The revised guideline range for a term of imprisonment is therefore 27 to 33 months. The defendant is therefore eligible for a reduction of sentence from 70 months to between 27 and 33 months, a total reduction of between 43 and 37 months.

Defendant and the government agree that Amendment 750 lowers the sentencing range upon which defendant's sentence was based, and that the Court is thus empowered to reduce defendant's sentence under § 3582(c)(2). However, the government argues that the Court should exercise its discretion and decline to reduce the sentence because of public safety considerations involved with the defendant.

Before granting a motion to reduce a sentence, a court must determine that the new sentence is consistent with § 3553(a), as well as applicable Sentencing Commission policy statements. Section 3553(a) requires courts to impose a sentence that is "sufficient, but not greater than necessary" to comply with the factors set forth in § 3553(a)(2), in particular the need for the sentence "to reflect the seriousness of the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant . . . ." In determining that sentence, the statute requires courts to consider a variety of other factors: 1) the nature and circumstances of the offense and the history and characteristics of the defendant; 2) the aforementioned penological purposes; 3) the kinds of sentences available; 4) the kinds of sentence and the sentencing range established by the Guidelines; 5) any applicable Guidelines policy statement; 6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and 7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). Additionally, when contemplating a sentence reduction, courts may consider the danger posed by a reduction to individuals or the community and the defendant's post-sentencing conduct, U.S.S.G. 1B1.10 comment. n.1(B)(ii).

The government in arguing that public safety militates against a reduction first notes the defendant's disciplinary record while imprisoned: the defendant has incurred 13 infractions (12 since his incarceration), including five for possessing intoxicants, one for possessing a dangerous

weapon, and one for fighting. Further, the government stresses the nature of the defendant's possession offense: his arrest came after he drove through security and ran into the Capitol building while in possession of a loaded firearm, and while he was on supervised release for another crime. Accordingly, the government argues for no reduction. The defendant, in turn, points out that he was merely 20 years old at the time of the offense and suffered from mental health issues; that he has lost good time credits as a result of his disciplinary infractions; that his infractions regarding intoxicants demonstrate a need for substance abuse treatment that can be fulfilled through supervised release; that his other infractions reflect the realities of prison life; that he has completed a number of Bureau of Prisons courses; and that Judge Robertson's initial sentence was at the low end of the then-existing guideline range.

Recognizing the change in the guidelines for crack cocaine offenses and the need to avoid unwarranted sentence disparities, the Court will order a reduction in the defendant's sentence to 60 months. This sentence accommodates defendant's request for a reduction of no less than five months, but remains above defendant's request for a reduction to 33 months. The Court finds that a sentence under 60 months would be inconsistent with the factors listed in § 3553(a) and applicable Sentencing Commission policy statements. In particular, a reduced sentence within the new guideline range would not adequately reflect the seriousness of the defendant's crime – running into the United States Capitol building while ignoring security measures and orders to stop, all while possessing a loaded firearm and narcotics. Accordingly, a sentence reduction to 60 months is appropriate.

### III. CONCLUSION

The defendant's motion to reduce sentence will be granted, and the defendant's previously imposed sentence of imprisonment of 70 months is reduced to 60 months.

A separate order shall issue this date.

**SO ORDERED** this 14th day of November 2011.

*/s/ Royce C. Lamberth*
ROYCE C. LAMBERTH
Chief Judge
United States District Court