**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**

v.

**CARLOS GREENE,**

*Defendant.*

Case No. 1:06-cr-312-**RCL**
**~~FILED UNDER SEAL~~** unsealed per order 5/12/223

## MEMORANDUM OPINION

Defendant Carlos Greene moved for a sentence reduction under 18 U.S.C § 3582(c)(1)(A)(i), or, in the alternate, Section 404 of the First Step Act. *See* Def.'s Mot. 1, ECF No. 91. The government opposed, *see* Gov. Opp'n, ECF No. 99, and defendant replied, Def.'s Reply, ECF No. 101. After considering the briefing, the record, and applicable law, the Court will **DENY** defendant Greene's motion.

### I.     BACKGROUND

In 2006, Greene, under the influence of both PCP and crack cocaine, drove his vehicle through a Capitol security checkpoint, crashed into a concrete barrier, and fled into the Capitol building where he was finally stopped by a civilian employee. Statement of Facts 1, ECF No. 1-1. After his subsequent arrest, Greene pleaded guilty on July 19, 2007, to possession of cocaine base, in violation of 21 U.S.C § 884(a); possession of a firearm and ammunition by a felon, in violation of 18 USC § 922(g)(1); and assaulting, resisting, or impeding certain officers or employees, in violation of 18 USC § 111(a)(1). *See* Plea Agreement, ECF No. 20. Judge Robertson sentenced Greene to 70 months' imprisonment and 48 months of supervised release on November 8, 2007. *See* 11/08/2007 Min. Entry. Four years later, this Court granted Greene's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and lowered his term of imprisonment to 60

1

months. ECF No. 56. Greene was released from his original incarceration on November 24, 2011, but did not begin his supervised release until September 21, 2012.[1] *See* Gov. Opp'n 4.

While on supervised release, Greene committed numerous violations. In November 2012, Greene was arrested by the Maryland police on several state drug offenses. ECF No. 58. After a hearing, this Court found that Greene violated his supervised release and subsequently imposed another 36 months of supervised release. ECF No. 68. But the violations did not stop there. On May 29, 2013, Greene was arrested and charged with aggravated assault in D.C. Superior Court. Gov. Opp'n 5. After a jury trial, Greene was found guilty of simple assault and sentenced to 180 days of incarceration. *Id.* After that conviction, this Court held a hearing where it again determined that Greene violated of the terms of his supervised release. *See* 12/17/2013 Min. Entry. In response, the Court continued Greene's supervised release for 36 months with an additional condition of 90 days of electronic monitoring. *See* Order, ECF No. 68.

Unfortunately, this did not mark the end of Greene's violations.  In September 2014, Maryland police officers attempted to arrest Greene and his friends for smoking marijuana in a hotel room. ECF No. 69 at 2. While fleeing the police officers in a vehicle, Greene crashed into a sign, at which point he continued his flight on foot. *Id.* at 3. A search of the abandoned vehicle revealed crack cocaine, additional marijuana, scales, cash, and a .40-caliber handgun. *Id.* Greene was arrested a few days later. *Id.* at 4. In October 2014, probation reported these additional violations. *Id.* at 1.

In June 2015, Greene was tried in Maryland for his offenses stemming from the September 2014 arrest and was found guilty of possession of a firearm during a drug-trafficking crime, possession of a firearm while distributing drugs, possession with intent to distribute, and firearm

---

[1] Greene was not released from custody on November 24, 2011 because there was a parole detainer lodged based on his violation of supervised release in another case. Gov. Opp'n at 4.

possession after a disqualifying crime. Mem. Order, ECF No. 90 at 3. Greene was sentenced to five-year terms of imprisonment for three of those crimes, a consecutive term of three years' imprisonment for the fourth, 245 days' credit for time served, and three years of probation. *Id.*

At a separate hearing for the revocation of supervised release, the Court imposed an additional twenty-four-month sentence to run consecutively with the Maryland state sentence. Judgment on Rev. 1, ECF No. 85.

Greene made his first plea with the Court for a sentence reduction in April 2021. Styled as a "motion for coram nobis and habeas corpus," Greene argued that the Court should resentence him to home confinement given his medical conditions and the health conditions caused by COVID-19. ECF No. 87. Because habeas corpus was an inappropriate vehicle for that type of relief, the Court styled the *pro se* motion as one for compassionate release. Mem. Order, ECF No. 90 at 1. Because Greene failed to exhaust his administrative remedies, the Court lacked subject-matter jurisdiction over his request. ECF No. 90 at 4.

Next, on August 30, 2021, Greene filed the current motion: "Emergency Motion for Reduced Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i), or in the Alternative, Section 404 of the First Step Act"—the motion currently before Court. *See* Def.'s Mot. 1. Greene argues that his medical conditions, coupled with COVID-19, qualify as extraordinary and compelling circumstances which warrant compassionate release. *Id.* at 1. Greene also alleges that he has over-served his sentence, which he argues qualifies as a compelling and extraordinary circumstance entitling him to a sentence reduction. Alternatively, Greene argues that he is eligible for a sentence reduction under Section 404 of the First Step Act because he was convicted of a "covered offense." *Id.* Greene filed a later supplemental motion, where he emphasizes the effect of COVID-19 on inmates. *See* ECF No. 102.

3

The government opposes Greene's motion. Gov. Opp'n 1. It argues that no extraordinary and compelling reasons for compassionate release exist and that Greene is not entitled to compassionate release because he has not demonstrated that the 18 U.S.C. § 3553(a) factors support a sentence reduction. *Id.* As to Greene's alternative request for relief, the government recognized that Greene is eligible for a reduction under Section 404 of First Step Act. *Id.* However, it urges the Court to exercise its discretion and deny Greene's motion for a sentence reduction. *Id.* at 34.

## II.      LEGAL STANDARD

Federal courts are forbidden from modifying a term of imprisonment absent one of "a few narrow exceptions." *United States v. Martinez,* No. 1:08-cr-373 (RCL), 2022 WL 2132648, at *2, (D.D.C. Jun. 14, 2022) (quoting *Freeman v. United States,* 564 U.S. 522, 526 (2011)). There are two exceptions relevant in this case: compassionate release under 18 U.S.C § 3582(c)(1)(A)(i) and Section 404 of the First Step Act of 2018.

### A.  Compassionate Release

A defendant seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) bears the burden of establishing that he is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016). To be eligible for a reduction, two threshold requirements must be met. First, the defendant must have exhausted his administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Second, the defendant must show that "extraordinary and compelling reasons warrant" a reduction of his original sentence. 18 U.S.C. § 3582(c)(1)(A)(i).

If the Court finds that the defendant has met his burden of showing these two requirements, the Court has the discretion to "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved

portion of the original term of imprisonment)," after considering the relevant factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A).

**B. First Step Act**

Courts follow a two-step test when considering a sentence-reduction motion pursuant to 18 U.S.C § 3582(c)(2), colloquially referred to as a First Step Act motion. *Martinez*, 2022 WL 2132648, at *2. First, a court must determine whether the defendant is eligible for sentence reduction. *Id.* (citing *Dillon v. United States,* 560 U.S. 817, 827 (2010)). An offender is eligible for a sentence reduction under the First Step Act only if he previously received "a sentence for a covered offense." *Terry v. United States*, 141 S. Ct. 1858, 1862 (2021). Section 404(a) of the First Step Act defines a covered offense as "[a] violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." *United States v. White,* 984 F.3d 76, 85 (D.C. Cir. 2020) (internal quotation marks omitted). Intending to rectify disproportionate and racially disparate penalties in federal sentencing, the Fair Sentencing Act modified the statutory penalties for crack offenses in subparagraph (A) and (B) which triggered mandatory-minimum penalties. *Id.* at 80; *Terry,* 141 S. Ct. at 1863-64.

Second, if a defendant is eligible for a sentence reduction, a court must determine in its discretion whether the defendant's sentence should be reduced. *White*, 984 F. 3d 76 at 88 (citation omitted). In making determination, a court must weigh the factors enumerated in 18 U.S.C § 3553(a). *Id.* at 90 (citing *United States v. Hudson,* 967 F. 3d 605, 612 (7th Cir. 2020).

### III.      DISCUSSION

Greene fails to establish compelling and extraordinary circumstances warranting compassionate release, but is eligible for a sentence reduction under Section 404 of the First Step

Act. Despite his eligibility, however, the Court in its discretion will not reduce Greene's sentence. After consideration of the § 3553(a) factors and for the reasons set forth herein, the Court will **DENY** Greene's motion for sentence reduction.

### A. Greene Is Not Entitled To A Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)(i) Because He Has Failed To Establish Extraordinary And Compelling Circumstances

Both parties agree that Greene has exhausted the administrative remedies necessary for this Court to hear his compassionate release arguments. Def.'s Reply 17; Gov. Opp'n 18. The government argues that Greene has not proffered extraordinary and compelling circumstances which warrant a sentence reduction under compassionate release. The Court concurs.

Greene first argues that his medical conditions,[2] in conjunction with COVID-19 and an alleged lack of medical care in the prison, amount to extraordinary and compelling circumstances justifying a sentence reduction. Def's Mot. 1. Additionally, Greene maintains that he is entitled to compassionate release because he has overserved his original sentence. *Id.* The government disagrees. Gov. Opp'n 1. It argues that Greene fails to establish extraordinary and compelling circumstances because: (1) he is fully vaccinated against COVID-19 and is receiving appropriate medical care; and (2) he cannot demonstrate that he has overserved his original sentence when he is currently serving time for a different reason—namely his violations of supervised release. *Id.* at 17–18.

The Court recognizes that the COVID-19 pandemic continues to impact the world, especially the prison population. But the pandemic alone is not an extraordinary and compelling circumstance. *See United States v. Jackson*, 26 F.4th 994, 1001–02 (D.C. Cir. 2022) (denying

---

[2] In Greene's motion, he represents that he suffers from a severe eye injury that has made him blind in one eye and which requires removal of the eye altogether; suspected Crohn's disease; stage 3 kidney disease; chronic H. pylori (bacterial) infections; stomach ulcers; untreated and undiagnosed bloody stools; large boils covering his body; and painful dental abscesses. Def.'s Mot. 11.

compassionate release because defendant "offered no real evidence that the presence of the disease was greater in his place of confinement than anywhere else"). Moreover, this Court has held that "when an inmate is fully vaccinated against COVID-19, compassionate release motions are unlikely to be granted even when a defendant has underlying health conditions." *United States v. Wyche*, No. 89-cr-0036 (RCL), 2022 WL 2643568, at *5 (D.D.C. July 8, 2022). So despite Greene's representation that his medical conditions are worsening, Def.'s Reply 1, his full vaccination status disqualifies his conditions from constituting extraordinary and compelling circumstances due to COVID-19. *See Martinez*, 2021 WL 2322456, at *2 (explaining that although the defendant has underlying conditions that could increase his risk of severe illness from COVID-19, his full vaccination status mitigates those risks almost entirely).

Putting aside Greene's vaccination status, the Court is not persuaded by Greene that his other medical conditions constitute extraordinary and compelling circumstances warranting compassionate release. The parties quibble about whether Greene has the medical conditions he alleges, so for the sake of this motion, the Court will assume that Greene has accurately alleged his medical conditions. Courts in this Circuit have refused to grant compassionate release for inmates who suffer from many of the same or similar illnesses that Greene has—kidney disease, ulcers, suspected Crohn's disease, and eye injuries. Def.'s Mot. 11; *see, e.g.*, *United States v. Houston*, No. 10-cr-265 (RCL), 2021 WL 860260, at *3 (D.D.C. Mar. 8, 2021) (denying compassionate release for defendant with hypertension, an IVC filter, and only one fully functioning lung); *United States v. Barron,* No. 95-cr-088 (PLF), 2022 WL 2383973, at *4 (declining to find that hypertension, high cholesterol, diabetes, chronic kidney disease, and a cornea transplant constitute extraordinary and compelling circumstances for compassionate release). In fact, Greene is currently classified by the BOP at Care Level 1, *see* ECF No. 92-3 at

20, the lowest care classification level for inmates, for inmates who are "generally healthy" and can be "easily managed by clinical evaluations." *See* Care Level Classification for Medical and Mental Health Conditions or Disabilities, Federal Bureau of Prisons (May 2019), *available at* https://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf. Therefore, the Court does not find that Greene's medical conditions qualify as extraordinary or compelling reasons warranting compassionate release.

Greene also alleges that he is not receiving proper medical treatment. Def.'s Mot. 15–17. But a motion in a criminal case is not the proper avenue to address allegations of improper treatment within a jail or prison.[3] *See, e.g., United States v. Hollis*, No. 08-cr-276, 2009 WL 902062, at *1 (E.D. Cal. Apr. 1, 2009) (advising defendant that "any claims concerning the conditions of his confinement at the [jail] must be made in an appropriate civil rights complaint" and that he "cannot bring these motions in his federal criminal case").

Furthermore, the Court finds Greene's second argument that he overserved his sentence unpersuasive. When this Court first reduced Greene's original sentence, it imposed a new sentence of 60 months. *See* Order, ECF No. 57. But by the time Greene's sentence was reduced, he had already served approximately 62 months. Def.'s Mot. 20. Greene thus requests a "credit" for the additional time he was imprisoned. *Id.* The Court can find no support for Greene's argument that "overserving" a previous sentence constitutes an extraordinary and compelling circumstance that warrants a reduction in his *current* sentence. Additionally, the Court was aware of Greene's alleged "overserving" when it sentenced him for his current sentence based on violations of his supervised

---

[3] Greene's argument that he is not receiving medical treatment at the jail is also moot because defendant is currently participating in the residential re-entry program in Baltimore. *Inmate Locator*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 14, 2022). Greene may have better access to treatment now that he is no longer in prison.

8

release. His sentence length is not an extraordinary and compelling circumstance warranting release.

**B. Greene Is Eligible For A First Step Act Reduction, But The Court Will Not Grant A Sentence Reduction**

The government agrees that Greene is eligible for a sentence reduction under Section 404 of the First Step Act because he was charged with a "covered offense." Gov. Opp'n 33. The remaining issue is whether the Court should exercise its discretion and reduce Greene's sentence.

The Circuit has specified certain factors that the Court should consider when determining whether to reduce a sentence under the First Step Act, including a consideration of new statutory minimum or maximum penalties, current sentencing guidelines, post-sentencing conduct, and other relevant information about the defendant's history or conduct. *United States v. Palmer*, 35 F.4th 841, 851 (D.C. Cir. 2022). Most importantly, a court must pay attention to the § 3553(a) factors to "ensure that a sentence is sufficient, but not greater than necessary." *Id.* After considering these factors, the Court will not exercise its discretion to reduce Greene's sentence under the First Step Act.

To start, the Court finds that the nature and circumstances of the offense and the characteristics of the defendant weigh against a sentence reduction. *See* 18 USC § 3553(a)(1). Greene's criminal conviction in 2006 is not the whole story; the Court must consider Greene's post-sentencing conduct and violations when determining if Greene's sentence should be reduced. *White,* 984 F. 3d at 90–91. Greene has repeatedly violated his supervised release—each violation more severe than the last. *See* Mem. Order 2–4, ECF No. 90. Even while out on supervised release, Greene was arrested for drug-trafficking and possessing a firearm. *Id.* This demonstrates Greene's disregard for the law and puts him at a high risk for recidivism.

In a similar vein, this Court is not confident that Greene would not immediately resume distributing drugs to the surrounding communities if granted a sentence reduction. The § 3553(a) factors require the Court to impose the sentence necessary to "protect the public from further crimes of the defendant." 18 U.S.C § 3553(a)(2)(C). Given his recidivism, the Court does not find that lowering Greene's sentence below the 24 months originally ordered would properly protect the public.

The § 3553(a) factors also instruct courts to consider the need for the sentence imposed to afford adequate deterrence. 18 U.S.C. § 3553(a)(2). This Court cannot set precedent that a defendant on supervised release may receive a sentence reduction despite repeated violations and additional offenses—that would not serve to adequately deter misconduct. The First Step Act was not designed to provide sentence reductions for those who commit multiple violations of supervised release. Instead, the First Step Act was designed to remedy racial disparities in sentencing stemming from crack cocaine offenses by allowing for sentence reductions. *Terry*, 141 S. Ct. at 1863–64. Considering Greene's current sentence is for numerous violations of supervised release, the Court finds that it would not be in the spirit of the First Step Act—or deterrence—to reduce Greene's sentence.

Next, the Court finds that Greene's sentence is necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. 18 U.S.C § 3553(a)(2)(A). While this Court did not preside over the original sentence, the Court did consider Greene's conduct in 2011 and found it necessary to impose 60 months of incarceration for his original crime, well above the Sentencing Guidelines range. *See* Mem. Order, ECF 56. Then, in June 2017, the Court found it necessary to sentence Greene to an additional period of incarceration

for his violations of supervised release. *See* 6/14/2017 Min. Entry. The Court stands by its prior sentencings and finds both are necessary to promote just punishment and respect for the law.

Given the Court's concerns about Greene's disregard for the law and high risk for recidivism, the Court does not find Greene's arguments in favor of a sentence reduction persuasive. *See* Def's Mot. 28-30. This Court considered Greene's substance abuse issues, upbringing, children, and age at the time it made the decision to impose additional incarceration in June 2017 for Greene's violations of supervised release. Furthermore, the Court does not find Greene's argument that he has a strong support system compelling enough to warrant a sentence reduction. *Id.* Greene presumably had this support system when he was out on supervised release, yet he still committed further crimes. The Court will thus decline to use its discretion to reduce Greene's sentence.

Greene is set to be released from the residential reentry program in November 2022. After that point, this Court has imposed no additional supervised release. Greene will be, in the eyes of the federal system, a free man. Considering the § 3553(a) factors, the Court finds that Greene's history and characteristics and the potential danger he poses to the community weighs against a further sentence reduction.

### IV.    CONCLUSION

For the abovementioned reasons, the Court will **DENY** Greene's motion for a sentence reduction under 18 U.S.C § 3582(c)(1)(A)(i), or, in the alternate, Section 404 of the First Step Act. The Court will further **DENY** Greene's supplemental motion for compassionate release.

**IT IS SO ORDERED.**

11

Date: July 2022

Royce C. Lamberth
Unites States District Judge